The central issue in this case is whether a smoldering marijuana cigarette on a trash can in a kitchen provides, on its own, probable cause to search a locked safe in a bedroom closet. As is always the case, you can phrase an issue to win your case, but the question is whether the case presents that issue. In this case, the issue wasn't that. The issue was whether a crime was committed in the house by the aroma of marijuana coming from within the house. Once you have an authorization to search the house, which is very, very routine, the officers are not limited by going into one closet or another, one safe or another under the counter in the attic, you get to search the house for marijuana, the whole day. The probable cause was that marijuana was being possessed within that house. Now, it turns out that when they get in the house they see the butt there, but that doesn't mean there's not marijuana elsewhere. But it doesn't mean that there is. There is probable cause. Right. Probable cause that a crime has been committed justifying a search of the house. Exactly. And that problem... we're not even disputing that. This is routine. These are done hundreds of times a day. Your Honor, we're not disputing that there was probable cause that the officers smelled marijuana and that provided them probable cause to believe marijuana was being smoked inside the house at that moment. We're not disputing that. And that justifies two things. The officers may enter the house and secure, do a protective sweep of the whole house and secure everything until they can get a warrant. We're not disputing that. Okay. I'm not sure what the issue is. Right. When they get the warrant, the warrant says search the house. The warrant doesn't say search the house but leave the attic open or leave the closet in the upper room because there was nothing up there. The warrant says search the house. Probable cause to believe that some incriminating evidence will be present at a particular place in the marijuana cigarette does not necessarily mean... Your Honor didn't say that. It said 2008 Berlin. I'm reading a direct quote from United States v. Weber. Probable cause to believe that some incriminating evidence will be present at a particular place does not necessarily mean that there is probable cause to believe that there will be more of the same. Same principle applied in United States v. Gardner, Sixth Circuit case. In this court, Carter said the same thing. In that case, there was a dog alert to a car. There was the smell of marijuana in the passenger compartment of the car. Cars are different. Cars are different. Give me a house case where a crime is committed in a house. Respectfully, Your Honor. And we have authorized or denied the officers the right to search the home. Cars are not different. In fact, cars get less... Just a minute. I'm asking a question. Sorry. You don't have to answer the question. The question is, is there a case where the magistrate is authorized to search the house and somehow when the officers then open safes and open closets, it violates the search warrant? I'm not aware of any case, Your Honor. I imagine there may be, but that's not an issue that we've researched for this case or presented. Why is this different? I mean, it seems like to me that's the fundamental argument you have to make is that there's some basic principle or significant factual difference here that would have the same foundation as Judge Neumeier was describing. So there have been a series of cases, Your Honor, like this. So what happens is they apply for a warrant for simple possession of marijuana. No, they apply for a warrant to search the house. That's what they apply, to search the house of 3,000 burglars. They were not entitled to search the house under Fourth Amendment principles based on the fact of crimes committed there. They can go in and secure the place and they can collect obvious evidence if they want, if they see contraband, but they can't search the house. So they take the evidence of the fact that marijuana is being smoked within the house, which is a crime, and they go to the magistrate and say, we want to search the house. The magistrate said, here's the authority to search the house. That's what they did. Your Honor, to answer your question, they applied for a warrant and of course all warrants have to list the statute or the particular crime which there is probable cause to believe is being committed. And the crime that they listed, the only crime, was simple possession of marijuana. And yet the scope of the warrant that issued was exactly as they requested and included things like firearms, financial documents, electronics, and things for which there is really no probable cause that are not tied. This court's decision in Lyles was another example of where officers did the same thing. The court looked at that and said, okay, under a severability analysis, not an inevitable discovery analysis, but under a severability analysis, we'll take the guns out. Is the warrant still valid in that circumstance? And then went through each one of the other items that were listed in the warrant as an object of the search and described why they were. Isn't this a case where they had an anonymous tip prior to that that detailed various items within the house? Yes. So they got an anonymous tip. The date that the information in the tip was obtained is not anywhere in the record. And then it was relayed to the... That by itself wouldn't have been sufficient, obviously, to get the warrant. But that is another factor in addition to their own observations. Well, only if it's corroborated. So this is an absolutely anonymous tip with no information about its time frame, which under Doyle is enough to say that it's stale, or at least it has no time frame. Well, there's at least partial corroboration because they get there and they smell the odor and then they see the burning cigarettes. So Hall, I think, governs that. So the tip was not that he was using marijuana or just possessing it for his own use. The tip was that he was manufacturing crack cocaine and selling crack and marijuana and had a firearm. And sale of the drugs, on the one hand, is different than simple use. And Hall makes that distinction absolutely clear. You can use marijuana without selling it. You can sell marijuana without using it. Wasn't that a jury instruction case? Sorry? Wasn't that a jury instruction case? No, it was under the rules of evidence. It was a 404B case, Your Honor. But the inquiry is the same because this court held that it wasn't relevant, that simple possession of marijuana was not relevant to the intent to distribute. And relevance... I think that the analysis is the same on that issue. I'm glad Judge Agee mentioned that. Hall clearly is a 404B question as to what evidence a jury is permitted to hear. We're talking about probable cause at this point. Right. So the inquiry under 404B is relevance. And the rules of evidence, I think it's rule 101, 102, I think, define relevance as any fact that makes another fact in contention more or less probable. So here, with anonymous tips, the inquiry is corroboration. And corroboration is the same thing. It's whether this other fact makes the tip more likely to be true or more probable. Well, they said that the tip said a fellow named Jones lives at 3,000 or operates at 3,008 Berwyn, and he's selling marijuana and crack cocaine. Right? And he has a gun. Yes. And they go to the 3,008. They recognize Jones. They know Jones. They know he's a felon. Before they get there... I don't believe they knew he was a felon. They checked out that he was a felon. And before they went there, they looked him up. And they got to the house, and they smelled marijuana, which corroborated the tip that he, that this fellow, was selling marijuana there or using it or whatever. Well, that's the whatever there is the heart of this case. Okay, let's restrict it to the use. So you go to the magistrate and say, we know, we know, more than probable cause, that marijuana is being used in that house in violation of the law. Right. And so the magistrate judge issues a warrant and says, it's all these things. Now, the one question that I think you raise legitimately is whether the gun should be included, except the gun was part of the tip. And while it may not be probable cause, it may describe the scope of what they're looking for. But quite apart from that, if they're searching the house for marijuana, and they do a complete search, they can uncover the gun inevitably. It's in the safe, right? It was in a locked safe. And they're entitled to go in the safe under the search warrant. And so it seems to me that it's much to do about nothing. Well, Your Honor, so that's why I said the heart of the case. The rest of the stuff relates to possession of marijuana. To get back to that point, then, so I think just to finish up with corroboration really quickly, the Supreme Court said it doesn't just have to corroborate the identity of the person, that there's a particular person in a particular place. So there's no surprise that Melvins is at the house he lives at. The problem is it has to corroborate the assertion of illegality. And the assertion of illegality in the tip was drug dealing and a firearm. And this Court held very clearly in Hall that simple possession, so the smoking of marijuana, is simply not relevant to the distribution of marijuana later on, under the rules of evidence. If it's not relevant, it has no tendency to make that more likely. And in fact, the government witnesses have testified to the opposite. But Judge Cleese's point is that you don't have to be relative to be more probative. It just has to be probable cause, which is even less than the probability. It's a very low standard. Right, but relevance is even lower than... The reason we believe is that this fellow was dealing in or using marijuana. Relevance is an even lower standard than probable cause because it's any tendency to make a more likely. And Hall says, quote, we agree and therefore hold the defendant's prior conviction for possession of a drug is not relevant to establishing the defendant's intent to distribute a drug at a later time. Well, and of course relevance is defined by Rule 401, which says it has to be more probative of the fact. And probative tends to prove the fact. No, the balancing test under 404B comes after relevance. The definition of relevance is 404B. So anyway, to move on, I see my time is, well, I'll keep going. So the central issue here is whether probable cause to believe that there's marijuana, which we don't dispute, is probable cause to believe that there's more of the same somewhere else. So is your argument that, and I realize they see the burning marijuana cigarette in the trash when they're doing their protective sweep, but is your argument that's a stop sign? They can't search for any more marijuana? They have found, quote, the marijuana, so therefore it doesn't matter what's in the rest of the house? Yes, not without more. Not without reason to suspect that there's more marijuana somewhere in the house. And the cases for this are, for example, Spilotro and Carter in this court and Nielsen in the Tenth Circuit, which I said. So in Nielsen, for example, they come and they smell marijuana in the passenger compartment of a car, but then they search the trunk of the car and the Tenth Circuit affirms or suppresses the evidence and says probable cause has to be tailored to containers. So when they know it's in the passenger compartment, they can't go in the trunk. That's without a warrant. That's stopping a vehicle in an exigent circumstance. That's the same thing that when you, in a house, you know a crime's being committed, you can secure the house, the evidence, and get a warrant. The warrant is what justifies your going into the trunk or to the safe or into the closet or into the attic. The warrant says search the house. Probable cause applies across both cars and houses, and that flips the Fourth Amendment on its head because it gives cars more protection than houses. You can't search the trunk. There's more distance between the marijuana cigarette counter... Searching a car on the highway because you smell marijuana is not a warrant search. It's a search without a warrant. But it has to be governed by probable cause, just like a warrant has to be governed. Of course, but the search is without a warrant. Here the probable cause is that a crime of possession is being committed in this house and we want to search the house. And the fact that marijuana is being possessed in this house in violation of law justifies a search of the house. Now that's just a fairly straightforward warrant. That's a level of generality that the Fourth Amendment does not allow. It has to particularly describe the place to be searched and the things to be seized. And as the Supreme Court said, quote, police... So what, your argument suggests that they could only search the trash can, right? They could go in and get a warrant. The warrant should have said, well, you've identified the contraband at issue here, so you can get a warrant to go seize that contraband. They could have seized it anyway. It was in plain view. Yeah, which is the interesting thing because nobody even photographed it. They didn't seize it even after they got the warrant. I know. That doesn't have a thing to do with the principle. You're suggesting the warrant had to be limited to the trash can because that's where they saw the cigarette. Yes. So the Supreme Court said, quote, police with a warrant for a rifle may... The warrant is total surplus because they could have picked up the cigarette when they saw it. They could have, but they didn't. I know, but you only need a warrant to pick it up.  ...must terminate the search once the rifle is found. Britain v. California, 496 U.S. 128, Supreme Court case. But we're talking about two different things on both of those prongs, right? You can only look where a rifle could be, and I don't know how big the safe in this case is, but marijuana could be in the safe of any size. Marijuana, time, grain. Right, because it could be in any of those. And then you're talking about a rifle, which I don't know if the warrant in that case had the serial number or anything of that nature. Again, the marijuana could have been anywhere, and they weren't looking for a particular serial number joint. They were looking for marijuana. Right, but so when they smell the marijuana at the door, and then they say, if you look at the actual lab line of the affidavit, it says, while the search was being conducted, I witnessed what was believed to be a marijuana cigarette in the kitchen trash can, sitting on the top of the trash, still burning, the smell coming from this item was also consistent with marijuana. And when they testified, they testified that that was the marijuana that they smelled. When they open the door for Mr. Jones, when Mr. Jones opens the door and they smell it, they ask him, quote, are you smoking up in here? So it was the burning marijuana cigarette they smelled. This isn't a case where there's like raw marijuana in ales that they're smelling, the fresh raw marijuana. They smelled the burning joint. They found the burning joint. That's the beginning and end of protocols. So there are all these cases that say that particularity means that there's not automatically probable cause to believe there's more of the same. And I'm going into my Well, we've talked about the rifle. Are there, are any of those cases that say once you find the particular item you're looking for, are those marijuana cases? No, no. There was Horton, Your Honor, and then there's a lot, this comes up more frequently in the child pornography context. There's Weber out of the Ninth Circuit, and a lot of cases consistent with that, where, for example, they delivered the contraband under controlled delivery, and then they got a warrant to search the house for any more child pornography he might have. And the Ninth Circuit suppressed that and said, no, you had probable cause to believe this particular stuff you delivered was there, but not automatically more. Now, typically the government gets around that by producing profile evidence and saying typically the way these things work is where there's some, there's more of the same. And they do that in child pornography cases. This court's done it for drug courier profiles. But there's no profile evidence in this case. All right. We'll continue this on rebuttal. Do you have some rebuttal coming? Mr. Young? Good morning, Your Honors. May it please the Court. Let me begin with the point about the scope of probable cause created by burning marijuana. And I think it's fair to say that suppression motion in this case requires the court to do no more than apply its existing presence, whereas siding with the defendant in this case would require the court to rewrite the law of contraband. I think Your Honor's questions were exactly on point. The presence of an ongoing crime, that is the possession of marijuana, provides probable cause to believe that there might be more marijuana in the house, which justifies the warrant, which with the proposition that the odor of burning marijuana provides probable cause for a broader search. The court has said that in White, Lewis, Humphreys, and Carter. Let's start with the proposition that once you see an individual marijuana or cigar or cigarette, somehow you're supposed to stop. The court has never reasoned in that fashion. And I legally see a marijuana cigarette burning in a trash can in a house, which you can pick up because it's contraband. It's violated the law. And you go get a warrant, and the warrant's limited to getting that stick of marijuana in the trash can. I agree completely. The question is, what do you need a warrant for? You need a warrant because there's probable cause to believe that because that cigarette is there, there may be other cigarettes in the house. For that reason, in the CFIS case, which was a case where officers entered a living room based on the exigency created by the smell of marijuana, the motion to suppress in that case included marijuana cigars, a bag containing crack cocaine, a pistol, and a shotgun. But the opinion noted that when the officers entered the living room, there was a marijuana roach in the ashtray. Under my friend on the other side's theory, that's a stop sign, exactly as you said, Judge Clay. And they have to stop. But of course, the police continued to search after they discovered the initial contraband, and that was deemed permissible. What did the district court do exactly with regard to the burning joint? I thought they had excluded it. What the district court held, frankly, we think incorrectly, was that a protective sweep was not warranted in this case. Essentially, on the theory that the officers had to believe the defendant when he said that no one else was in the house. Did the district court consider the open joint in its probable cause analysis? No. What the district court said is the smell of marijuana would have been enough to go apply for the warrant, having excluded the fact that they actually saw the marijuana cigarette during the sweep. Well, our case also says that's true, too. Exactly so. In some ways, the fact that they saw the marijuana cigarette during the sweep only bolsters the case for not granting the suppression motion. That's exactly right. So are we allowed to consider that at this, since you didn't file any cross-error, cross-appeal on that ruling by the district court, which does seem to be pretty odd. Yes, Your Honor. The denial of a suppression motion can be affirmed on any basis fairly appearing in the record without the government having to take a cross-appeal. So absolutely, the court can consider that. Judge Clay, with respect to the stop sign argument, let me try to respond to my friend's argument framed as generously as I can and explain why I think it's still wrong here. He is correct that there are cases involving individual unique items of contraband, where courts have said, you have probable cause for that specific thing, but not more of the thing. And so, for example, he cites the Weber case from the Ninth Circuit about a controlled delivery of child pornography, where the Ninth Circuit said, well, that gives you probable cause for that pornography, but not probable cause to search the house for child pornography generally. There are two things to say about that. The first is, I don't think that's right on the merits. Especially in electronic child pornography cases these days, we regularly apply the normal inference that if we have evidence that somebody is downloading child pornography at their house, there may well be additional contraband on other electronic devices. And that's generally been affirmed. So setting that aside, I've read the Weber case because I wanted to figure out how the Ninth Circuit had gotten there. And if you read that case, they rely on the Lefebvre search and seizure treatise. And Lefebvre gives an example in that treatise where he says, let's say you know that a target has two items of stolen property. That may not support the inference that he's a fence whose house is full of stolen property that he's selling. But then, and this appears at volume two of section 3.7D of the modern edition of Lefebvre, Lefebvre drops a footnote. And he says, on occasion, the sum means more inference may be permissible, but the determination must be made on a case-by-case basis. Footnote 251. And then he says, that inference is most likely in contraband cases, although individual cases may raise difficult questions. So even kind of the ur-source for this proposition, recognize that contraband cases are different. And marijuana possession is a classic contraband case. If the police believe that ongoing marijuana possession is happening in a premises, then under the Supreme Court's decision in Ross, they can search the entire premises pursuant to a valid warrant. That's precisely what happened here. With respect to the Hall case, respectfully, I think the federal public defender simply misstates the context in which that case occurred. The reason that the court said that a prior possession conviction was not probative on the issue of trafficking is because the defendant in that case admitted that he had previously possessed marijuana and knew exactly what it smelled like. And that was a case where the facts involved the overwhelming smell of raw marijuana in the house. If the defendant here had walked out on the porch and said something like, I admit I have marijuana in the house, then maybe you wouldn't have needed to cite the roach on the trash. There's a total disconnect between the facts on Hall and the facts here. I want to say just a few words about the firearm. The federal public defender makes the argument that because the warrant here didn't cite a firearm statute, it was overbroad to seek a firearm in the course of applying for the warrant. Now, Judge Agee, your question was exactly right. The court can set all of that aside because even on a pure marijuana search warrant, this firearm was going to be discovered in the safe. But on the merits, we think that's wrong for exactly the reason, Judge Niemeyer, that you alluded to. The statutory citation is important to constrain officer discretion, which is part of the justification for seeking a warrant. But here, the magistrate was not viewing probable cause in the abstract. The magistrate was viewing probable cause based on all the facts that had been disclosed by the officer applying for the warrant, which included the full contents of the tip and all of the information corroborating the tip. And of course, the tipper said that this defendant dealt cocaine and marijuana, and in doing so, he possessed a firearm. Once that tip is corroborated, it makes great good sense for the police to try to seek a firearm, even if they don't cite a firearm statute. And in preparing for this case, I was trying to think of examples that would explain why that's so. Imagine there were a tipper who called a tip line and said, there's a defendant who every day goes outside. I watch him purchase quantities of narcotics. He takes them back into his house where he stores them. And every time he does that, he wears a very distinctive orange hat. If that tip were corroborated, it would make entirely good sense for the police to seek a search warrant for seizure of items indicating that possession of marijuana had occurred and the hat, because the hat is one of the modalities of the crime in the corroborated tip. It's confusing here, because firearm possession in many contexts is an independent offense. But that doesn't matter. The fact of the matter is, it was part of the modality of this crime as alleged in a tip that it had been sufficiently corroborated when the police applied for a warrant. Let me ask you this on the corroboration issue. By virtue of the fact that when the door is open, there's a clear smell of burning marijuana, does the issue of whether tips corroborated or not really matter to the disposition of this case? No. It would be sufficient to decide the case purely on the grounds that once there's the smell of marijuana, consistent with White, Lewis, Humphreys, and Carter, the police could have applied for a warrant to search the house for marijuana, full stop. Everything else only bolsters the government's position. In the final analysis, Your Honors, the officers in this case conducted a careful investigation. They received an anonymous tip. They took investigative steps to corroborate it. When they did so, they happened upon evidence of an ongoing crime. They froze the scene. They went to a magistrate, and they disclosed all relevant information pertinent to the magistrate who authorized a warrant. At that point, the police acted fully consonant with the Fourth Amendment, and in any event, acted in good faith. Thank you. Thank you, Your Honors. Mr. Camden. Your Honors, there are a couple of principles here under the Fourth Amendment that I think need to be reemphasized. One is that a generic classification is permissible only when a more precise description is not possible, and that comes from Wright and the Fifth Circuit and Spilotro and the Ninth Circuit, and I've found any time the Fifth and the Ninth degree, that's pretty much going to be the law. The idea is when officers don't know, say they just smell marijuana, but they don't know where it's coming from, then, yeah, they can search wherever the marijuana might be. But when they know exactly where the smell is coming from and exactly what they're looking for, then probability has to be narrowed under the particularity requirement, particularly describing the place to be searched and the things to be searched. Let me ask you this. If you discover somebody smoking marijuana, isn't it probable that there'll be some more marijuana in the vicinity? I don't believe so, Your Honor. You don't? No. In a lot of these drug distribution cases, the government brings in a parade of addicts that say, I purchase drugs every day and use them immediately from this person. So I think I don't know, Your Honor, but the thing is the affidavit in this case is not alleging that. And that's a way they can get around. No, the question is whether when you see contraband, burning of marijuana, a cigarette, a single cigarette, isn't it probable and reasonable that any officer would believe there is another stick or another cigarette or more than one in the premises? It seems to me when somebody is doing drugs, there's a real possibility, maybe even a probability, that there's evidence of the drugs elsewhere. There might be a baggie or there might be even some weighing devices or there might be more drugs stored somewhere or there may be evidence on the computer of where you purchased it. Exactly, Your Honor. And if that's true, the officers… Virtually every search warrant I've seen involving drugs, we just get a lot of these things, there is always a search of the computers, there's always a search of the phones. These are all mechanisms by which to decide the scope of the crime, to prove the crime. And they're always supported… And they're all brought in under the warrant. They're also always supported by a warrant affidavit that describes why there is probable cause to believe those things contain the information they're seeking. They say child pornographers typically collect it and keep it in these places or drug dealers typically will keep a payo sheet or in the search of drug addicts typically will store their drugs in this location or something. This warrant has none of that. It has no profile evidence, no testimony under oath by the officer about why they need to go beyond this marijuana cigarette that they've already found. This is sort of contrary to good police work. This is not a general warrant that is prohibited by the Constitution. This is a specific knowledge that the crime is being violated within this house. And exactly how… And it would seem to me that good police work would say, okay, let's make sure there's no more marijuana in the house. And the magistrate said, okay, you have probable cause to believe it because there's already some marijuana in the house. The Fourth Amendment says supported by oath or affirmation. I don't think the court can take judicial notice of the practices of marijuana smokers. I think that has to be in the warrant. So if the police want to do that and search the entire house, they have to describe to the magistrate that they're applying to, here's why we think that one marijuana cigarette indicates that there's going to be more and here's where we think it's going to be based on our experience or our practice. And the whole practice of obtaining warrants because a warrant would add nothing to what You could clearly take that legally. It's in plain sight and it's contraband. And so you take that and your argument is that because you took that, the warrant would allow you only to go back into that trash can and get that cigarette which you already have. Your Honor, Lyles in this court… Isn't that your position? Powers. Sorry? Isn't that your position? Yes. Yes, that's our position. Yeah. Lyles in this court decided just a couple of months ago was very close to this. There was another attempt by the police to use a warrant for simple possession to search the entire house. And they had the actual marijuana in that case. They actually seized it in that case. Embree was another case. Powers is another case cited in the record in our district court briefing at page 212 where there is a pattern of law enforcement officers saying using the simple smell of marijuana to search every cubic inch of an entire house is disproportionate to the offense. Most criminals aren't going to, if they're going to, hide the stuff. And they have, and we see this all the time too, I mean, they'll find marijuana behind the medicine cabinet. They'll find it in the safe. They'll find it in the dresser, under the mattress. They'll find it in the attic. I mean, they know a search is coming. They want it hidden. They want it hidden from people who come and steal it. They want it hidden from law enforcement. It seems to me if you're going to search for contraband, you allow the search to continue and don't impair it to certain closets or certain rooms that you think that where you actually saw it. Let me see my tongue, sir. Okay. Thank you very much. We'll come down and brief counsel.
judges: Paul V. Niemeyer, G. Steven Agee, Thomas S. Kleeh